56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph D. PINELLA, Defendant-Appellant.
 No. 94-10114.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995*.
Decided May 19, 1995.
 
 Appeal from the United States District Court for the District of Arizona; No. CR-92-00274-PGR, Paul G. Rosenblatt, District Judge, Presiding.
 D.Ariz.
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph D. Pinella appeals his conviction following entry of a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a) (1) and 846. Pinella contends that the district court: (1) failed to comply with Rule 11 during the plea colloquy; (2) abused its discretion in denying his motion to withdraw his guilty plea; and (3) violated his right to self-representation by denying his motion to withdraw counsel. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Alleged Rule 11 Violations
 
 
 4
 Pinella contends the district court failed to comply with Rule 11 because the court accepted his plea of guilty without establishing a sufficient factual basis, and without adequately informing Pinella that he could be reincarcerated if he violated the terms of supervised release.
 
 
 5
 We review de novo the district court's compliance with Rule 11. U.S. v. Graibe, 946 F.2d 1428, 1431 (9th Cir. 1991). Prior to accepting a defendant's guilty plea, the district court must be satisfied that there is a factual basis for the plea. See Fed. R. Crim. P. 11(f). The court must also inform the defendant of the maximum possible penalty provided by law, including the "effect of any ... supervised release" that could be imposed. See Fed. R. Crim. P. 11(c)(1).
 
 
 6
 In the written plea agreement and again at the plea hearing, Pinella provided details of his involvement in a plan to distribute approximately 800 kilograms of cocaine. Based upon this record, the court established a sufficient factual basis for Pinella's guilty plea. See United States v. Frank, 36 F.3d 898, 904 (9th Cir. 1994).
 
 
 7
 Before accepting Pinella's guilty plea, the court clearly advised him of the maximum possible penalties, including the terms and implications of supervised release. Accordingly, the court complied with Rule 11(c). Cf. United States v. Roberts, 5 F.3d 365, 369 (9th Cir. 1993) (Rule 11(c) violated when district court failed to mention supervised release before accepting guilty plea). Pinella's other allegations of Rule 11 violations are without merit.
 
 II
 Withdrawal of Guilty Plea
 
 8
 "We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion." United States v. Myers, 993 F.2d 713, 714 (9th Cir. 1993). Whether a guilty plea is voluntary is reviewed de novo. United States v. Roberts, 5 F.3d 365, 368 (9th Cir. 1993).
 
 
 9
 A district court "may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d). Once a district court has accepted a guilty plea, however, "[t]he defendant has no right to withdraw a plea." United States v. Myers, 993 F.2d 713, 714 (9th Cir. 1993).
 
 
 10
 Pinella pleaded guilty on September 23, 1993, at which time he expressed his understanding that all agreements and promises regarding sentencing were incorporated within the plea agreement. On January 19, 1994, the court conducted a hearing on Pinella's pro se motion to withdraw his plea, and his motion to remove counsel. Pinella claimed that he had entered his plea based upon his attorney's representations that he would receive a downward departure based on substantial assistance to the government pursuant to U.S.S.G. Sec. 5K1.1.
 
 
 11
 In denying the motion to withdraw the plea, the court noted that defense counsel had no authority to obtain a 5K1.1 downward departure without recommendation by the government. The court noted that although the plea agreement referred to the possibility of a 5K1.1 motion contingent on future assistance, Pinella had "sealed his fate" by not cooperating. Finally, the court recalled that a "significant amount of time" was spent at the plea hearing ensuring that Pinella understood the plea agreement, and that he was satisfied with his legal representation.
 
 
 12
 In light of this record, we cannot say that Pinella's guilty plea was involuntary or that the district court abused its discretion by declining to grant his motion to withdraw his guilty plea. See Myers, 993 F.2d at 715; United States v. Zweber, 913 F.2d 705, 711 (9th Cir. 1990).
 
 III
 Withdrawal of Counsel
 
 13
 Pinella contends that the district court's denial of his motion to withdraw counsel, and of counsel's motion to withdraw, violated his Sixth Amendment right to self-representation. A criminal defendant has the right to represent himself. Faretta v. California, 422 U.S. 806, 835 (1975). Before allowing the defendant to proceed pro se, the court must determine if the defendant unequivocally expresses the desire to represent himself, and if that choice is made knowingly and intelligently. Id.
 
 
 14
 Here, Pinella did not assert his right to represent himself. Rather, he sought to have defense counsel relieved so that he could either reinstate his original counsel of record, or obtain court-appointed counsel because he could no longer afford to pay attorney fees. Because Pinella did not make an unequivocal request to represent himself, his claim must fail. See Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir. 1990).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3